PER CURIAM
 
 *
 

 The Committee on Bar Admissions (“Committee”) opposed the application of petitioner, Remy J. Donnelly, to sit for the Louisiana Bar Examination based on character and fitness concerns relating to his prior arrests, mostly for alcohol-related offenses, and the reported findings of a substance abuse evaluation by the Lawyers Assistance Program (LAP) indicating his history of alcoholism and the recommendation that he enroll in a treatment program and participate in LAP. Petitioner then applied to this court for admission to the practice of law. On April 27, 2007, we transferred the matter to the Office of Disciplinary Counsel (“ODC”) to conduct an investigation and appointed a commissioner to take character and fitness evidence. In the course of the ODC’s investigation, it was discovered that petitioner did not disclose all of his arrests when he applied to law school in 2008. However, prior to any hearing in that matter, petitioner filed a motion to withdraw his application for admission to the bar. We granted the motion on August 20, 2007.
 
 In re: Donnelly,
 
 07-0669 (La.8/20/07), 962 So.2d 1078.
 

 In April 2010, petitioner filed the instant application seeking admission to the practice of law. We then remanded this matter to the Committee on Bar | gAdmissions Panel on Character and Fitness to conduct an investigation and re-appointed a commissioner to take character and fitness evidence.
 

 The commissioner conducted a hearing in December 2010, at which petitioner introduced evidence demonstrating that he had enrolled in and successfully completed an intensive outpatient program for the treatment of substance abuse, as well as a one-year aftercare program. Petitioner also introduced evidence demonstrating his compliance with the terms and conditions of his recovery agreement with LAP.
 

 Following the proceedings, the commissioner filed his report with this court. The commissioner made a factual finding that
 
 *788
 
 petitioner carried his burden of proving rehabilitation not only from his alcohol-related issues, but also from the lack of candor he demonstrated in his admitted omissions from his law school application. Based on these findings, the commissioner recommended that petitioner be conditionally admitted to the practice of law, subject to the terms and conditions of his LAP agreement. Neither petitioner nor the Committee objected to that recommendation.
 

 Considering the commissioner’s recommendation, particularly his credibility findings, and the entire record of this proceeding, we conclude petitioner is eligible to be admitted to the practice of law in Louisiana on a conditional basis. The term of this conditional admission shall be for the remaining period of petitioner’s LAP agreement, and shall commence from the date petitioner, the ODC, and the probation monitor execute a formal probation plan. During the probationary period, petitioner shall comply with all of the terms and conditions of his LAP agreement. Within thirty days prior to the expiration of the conditional admission, and after consultation with the Executive Director of IsLAP, the ODC shall file a report in this court in which it shall recommend to the court that the conditional admission be allowed to terminate or be extended. Should petitioner fail to make a good faith effort to satisfy these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
 

 CONDITIONAL ADMISSION GRANTED.
 

 *
 

 Chief Justice Kimball not participating in the opinion.